UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-02908(DSD/JJG)

Elizabeth Brenner, as
Trustee for the Heirs
and Next-of-Kin of Thomas
Levi Plotkin,

                Plaintiff,

v.                                                    **ORDER**

National Outdoor Leadership School,

                Defendant.


      Lori L. Barton, Esq., Paul D. Peterson, Esq. and Harper
      & Peterson, PLLC, 3040 Woodbury Drive, Woodbury, MN
      55129, counsel for plaintiff.

      Daniel J. Connolly, Esq., Bruce G. Jones, Esq. and Faegre
      Baker Daniels LLP, 90 South 7th Street, Suite 2200,
      Minneapolis, MN 55402, counsel for defendant.


      This matter is before the court upon the motion to transfer
venue by defendant National Outdoor Leadership School (NOLS).
Based on a review of the file, record and proceedings herein, and
for the following reasons, the court grants the motion to transfer
to the District of Wyoming.


**BACKGROUND**

      This wrongful death dispute arises out of the September 2011
death of Thomas Plotkin during a NOLS course.  NOLS is a Wyoming
corporation that organizes remote wilderness expeditions for
students.  Compl. ¶¶ 4, 6.  Brenner, as trustee for the heirs and

next-of-kin of Plotkin, is Plotkin's mother and is domiciled in Minnesota.  Id. ¶¶ 1-2.

In 2011, Plotkin enrolled in a NOLS course to be held in India.  Id. ¶ 12.  On April 30, 2011, Plotkin signed a document (Agreement) entitled "[NOLS] Student Agreement (Including Assumption of Risks and Agreements of Release and Indemnity)." Barton Aff. Ex. G, at 1.  The Agreement refers to several other documents and states that Plotkin "ha[s] read and underst[ood] the general information about NOLS and its courses ... includ[ing] NOLS' Admission Policies, the statement titled Risk Management at NOLS, the NOLS Enrollment Packet and other material provided by NOLS describing or related to [his] program."  Id. at 2.  The Agreement also contained a clause providing that "[a]ny dispute between [Plotkin] ... and NOLS will be governed by the substantive laws ... of the State of Wyoming, and any mediation or suit shall occur or be filed only in the State of Wyoming."  Id. at 4. Plotkin further agreed that the terms of the Agreement would "be binding upon [him], [his] heirs, estate, executors and administrators."  Id.

On September 3, 2011, Plotkin began a thirty-day hike near the Gori Ganga River in India, accompanied by other students and NOLS staff.  Compl. ¶ 22.  On September 22, rainfall caused the deterioration of trail conditions.  Id. ¶ 38.  During the hike,

Plotkin fell down a steep incline and is presumed dead.  Id. ¶¶ 42, 57.

On September 18, 2013, Brenner filed this action in Minnesota state court, alleging a wrongful death claim based on negligence, gross negligence, and willful and wanton negligence.  NOLS timely removed, and moves to transfer venue to the United States District Court for the District of Wyoming or, alternatively, for dismissal on the basis of forum non conveniens.

## DISCUSSION

## I.   Introduction

NOLS moves to transfer under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...."  Deciding whether to transfer under § 1404(a) in the absence of a valid forum selection clause generally "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors," including private interests.  Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted).  However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."  Atl. Marine Constr. Co. v. U.S. Dist. Court for the

W. Dist. of Tex., 134 S. Ct. 568, 581 (2013). Here, the parties contest the validity and applicability of both the Agreement and the forum selection clause it contains.

## II. Choice of Law

As a threshold matter, Brenner relies on Minnesota law, while NOLS argues that Wyoming law governs the dispute as a result of the composite choice-of-law and forum selection clause in the Agreement.[1] However, "[e]ven in the face of a general, contractual choice-of-law provision ... [i]f the parties wish for the application of another state's law concerning ... procedural and remedial matters, they must expressly state it in their agreement." Schwan's Sales Enters., Inc. v. SIG Pack, Inc., 476 F.3d 594, 596 (8th Cir. 2007) (citations omitted). In other words, because the clause does not expressly provide for the application of Wyoming law to choice-of-law, Wyoming law does not automatically control the inquiry.

In diversity cases, the court applies "the choice of law principles of the state in which the district court is located." Highwoods Props., Inc. v. Exec. Risk Indem., Inc., 407 F.3d 917, 920 (8th Cir. 2005) (citation omitted). "[A] choice-of-law determination is made on an issue-by-issue, and not case-by-case,

---

[1] The Agreement provides that, "any dispute between [Plotkin] ... and NOLS will be governed by the substantive law (not including the laws which might apply the laws of another jurisdiction) of the State of Wyoming." Barton Aff. Ex. G, at 4.

basis." <u>Zaretsky v. Molecular Biosys., Inc.</u>, 464 N.W.2d 546, 548 (Minn. Ct. App. 1990) (citation omitted).  "Before applying the forum state's choice-of-law rules, however, a trial court must first determine whether a conflict exists." <u>Prudential Ins. Co. of Am. v. Kamrath</u>, 475 F.3d 920, 924 (8th Cir. 2007) (citation omitted).  A conflict of law exists if choosing the law of one state over the law of another state will determine the outcome of the case.  <u>Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co.</u>, 590 N.W.2d 670, 672 (Minn. Ct. App. 1999), <u>aff'd</u>, 604 N.W.2d 91 (Minn. 2000).

Brenner opposes the instant motion and argues that (1) the Agreement is invalid because it lacks independent consideration; (2) the Agreement and its forum selection clause are unenforceable against her as a non-party to the contract and as trustee to Plotkin's heirs and next-of-kin; (3) the forum selection clause is invalid because it is a contract of adhesion and (4) the forum selection clause is inapplicable to tort claims.  Because the court finds no conflict between Minnesota and Wyoming law on any determinative issue relating to contract validity or interpretation, a choice of law need not be made with regard to the first two arguments and the court applies Minnesota law.  As explained below, the court applies federal law to the third argument, which concerns enforceability of the forum selection clause, and refers to Minnesota law in a limited contract

interpretation inquiry.  <u>See</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938).  Finally, as explained below, the court applies Wyoming law to resolve the fourth argument, which relates to interpretation of the forum selection clause.

## III.  Enforceability of the Contract

### A.  Validity

Brenner first argues that the Agreement is invalid for lack of independent consideration.  NOLS responds that the Agreement is one of several documents that together constitute the contract between Plotkin and NOLS and that consideration exists for the contract as a whole.  The court agrees.

As already explained, the court applies Minnesota law. Formation of a contract requires "a specific and definite offer, acceptance, and consideration."  <u>Thomas B. Olson & Assocs., P.A. v.</u> <u>Leffert, Jay & Polglaze, P.A.</u>, 756 N.W.2d 907, 918 (Minn. Ct. App. 2008)  (citations and internal quotation marks omitted). "Consideration may consist of either a benefit accruing to a party or a detriment suffered by another party."  <u>Id.</u> at 919 (citations and internal quotation marks omitted).  It is well-established that a contract may consist of more than one document.  <u>See</u> <u>S O Designs</u> <u>USA, Inc. v. Rollerblade, Inc.</u>, 620 N.W.2d 48, 54 (Minn. Ct. App. 2000); <u>see also</u> <u>In re Le Borius' Estate</u>, 28 N.W.2d 157, 208 (Minn. 1947) ("[W]here it is sought to make out a contract by resorting to two or more separate writings, the connection must appear from the

writings themselves ...." (citation and internal quotation marks omitted)).

Here, the Agreement included Plotkin's representation that he "read and underst[ood] ... NOLS' Admission Policies, the statement titled Risk Management at NOLS, the NOLS Enrollment Packet and other material provided by NOLS," Barton Aff. Ex. G, at 2, rendering those documents part of the Agreement. Plotkin received several benefits from the Agreement in the form of college credit and participation in the program. See Compl. ¶ 14. In return, Plotkin's father paid tuition and other expenses charged by NOLS. See Barton Aff. Ex. H. Such benefits and detriments constitute valid consideration for the Agreement. As a result, Brenner's argument is without merit.

**B.  Applicability to Non-Party Wrongful Death Trustee**

Brenner next argues that, as trustee to Plotkin's heirs and next-of-kin, she was not a party to the Agreement and therefore is not bound by its terms, including the forum selection clause. NOLS responds that the Agreement binds Plotkin's heirs and, by extension, Brenner as their representative.

In a diversity action, a federal court "is obligated to apply state law as declared by statute or by opinion of the state's highest court." Wilson v. Colonial Penn Life Ins. Co., 454 F. Supp. 1208, 1211 n.4 (D. Minn. 1978) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). In the absence of a statute or a decision of

such a court, the court must predict the ruling that the state's highest court would adopt.  Id.

As already explained, the court applies Minnesota law. Minnesota law is silent, however, as to whether a trustee such as Brenner is bound by a forum selection clause consented to by a decedent.  Minnesota courts have, however, enforced an exculpatory agreement entered into by a decedent against the trustee for the heirs and next-of-kin of the decedent.  See Dailey ex rel. Tabriz v. Sports World S., Inc., No. A03-127, 2003 WL 22234699, at *1-5 (Minn. Ct. App. Sept. 30, 2003), aff'd, 683 N.W.2d 302 (Minn. 2004).  Further, it is well-established that a decedent may bind his heirs by contract in certain circumstances.  See, e.g., Tingue v. Patch, 101 N.W. 792, 794 (Minn. 1904).  Indeed, the plain language of the Agreement indicates that it was intended to bind Plotkin's heirs.  See Barton Aff. Ex. G, at 4.  As a result, the argument that the Agreement is not binding on Brenner is unavailing.

## IV. Enforceability of the Forum Selection Clause

### A.   Validity

Brenner next argues that the forum selection clause itself is unenforceable.  Specifically, Brenner argues that the clause is unenforceable because it is a contract of adhesion and because it is unconscionable.

8

The Eighth Circuit "has expressed its inclination to find that federal law governs resolution of [the enforceability of a forum selection clause] in diversity cases." U.S. Bank Nat'l Ass'n v. San Bernardino Pub. Emps.' Ass'n, No. 13-2476, 2013 WL 6243946, at *2 (D. Minn. Dec. 3, 2013) (citations omitted); see also Atl. Marine, 134 S. Ct. at 579-80.  Further, "[t]he parties do not argue that the outcome differs depending on the law applied, and so the [c]ourt evaluates the clause under federal law." U.S. Bank Nat'l Ass'n, 2013 WL 6243946, at *2 (citation omitted).

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  When "the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain." Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006) (citation and internal quotation marks omitted).  "A forum selection clause is unjust or unreasonable if: (1) the clause is the product of fraud or overreaching; (2) the party would effectively be deprived of his day in court if the clause is enforced; and (3) enforcing the clause would contravene the public policy of the forum in which suit is brought." St. Jude Med., S.C., Inc. v. Biosense Webster,

<u>Inc.</u>, No. 12-621, 2012 WL 1576141, at *3 (D. Minn. May 4, 2012) (citations omitted).  "[T]he forum clause should control, absent a strong showing that it should be set aside by the party resisting enforcement."  <u>U.S. Bank Nat'l Ass'n</u>, 2013 WL 6243946, at *2 (citation and internal quotation marks omitted).

Brenner first argues that the forum selection clause is invalid because it is a contract of adhesion.  Specifically, Brenner argues that NOLS presented the Agreement on a take-it-or-leave-it basis and that Plotkin's signature was the result of unequal bargaining power.  Adhesion contracts are "imposed on the public for [a] *necessary* service on a 'take it or leave it' basis."[2]  <u>Schlobohm v. Spa Petite, Inc.</u>, 326 N.W.2d 920, 924 (Minn. 1982) (emphasis in original).  "Even though a contract is on a printed form and offered on a 'take it or leave it' basis, those facts alone do not cause it to be an adhesion contract."  <u>Id.</u> "There must be a showing that the parties were greatly disparate in bargaining power, that there was no opportunity for negotiation *and* that the services could not be obtained elsewhere."  <u>Id.</u> at 924-25 (emphasis in original) (citations omitted).

_____

[2] Although enforceability of a forum selection clause is governed by federal law, issues involving contract interpretation - which are part of the enforceability inquiry - are governed by state substantive law.  <u>See</u> <u>Haines v. St. Charles Speedway, Inc.</u>, 874 F.2d 572, 574 (8th Cir. 1989).  As already explained, because the court finds no conflict on any determinative issue between Minnesota and Wyoming law, the court applies Minnesota law to questions of contract interpretation.

Here, Brenner argues that Plotkin was a college student and that NOLS is a corporation with substantial resources and comparatively greater sophistication. Brenner does not, however, allege that there was fraud or coercion, that Plotkin unsuccessfully sought to negotiate the clause or that NOLS insisted upon its inclusion. Indeed, NOLS states that in response to previous requests by participants, "NOLS has negotiated and in many instances has agreed to change terms of an agreement, including the indemnification and forum-selection provisions." Second Robertson Decl. ¶ 3. Further, Plotkin was in no way obligated to enroll in the NOLS course or agree to the terms of the Agreement, and Brenner has not argued that he could not have obtained the services offered by NOLS elsewhere. Nor does Brenner argue that NOLS provided a necessary service. As a result, the forum selection clause is not a contract of adhesion.

Brenner next argues that the contract is ambiguous because it refers to "any dispute." Brenner does not explain, however, any way in which such language is ambiguous, and such an argument is also without merit. See Anderson v. McOskar Enters., Inc., 712 N.W.2d 796, 800-01 (Minn. Ct. App. 2006). Finally, Brenner argues that enforcement of the forum selection clause would violate the public policy of Minnesota. Such an argument, however, is unavailing. See Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 889 (Minn. 1982) ("In support of the modern

rule, persuasive public policy reasons exist for enforcing a forum selection clause in a contract freely entered into by parties who have negotiated at arm's length."). As a result, the argument that the forum selection clause is invalid fails.

### B.   Applicability to Non-Contract Claims

Brenner next argues that the forum selection clause does not apply to the instant dispute. Specifically, Brenner argues that her tort claims relate to duties owed by NOLS that do not arise from the Agreement, and therefore the terms of the Agreement do not govern the action.

In a transfer analysis, "a district court ... must decide whether the [forum selection] clause applies to the type of claims asserted in the lawsuit." Terra Int'l, 119 F.3d at 692. Thus, the court interprets the forum selection clause to determine its applicability to the instant dispute. Although *enforceability* of a forum selection clause is analyzed under federal law, where there exist both valid forum selection and choice-of-law clauses, the substantive law identified in the choice-of-law clause governs *interpretation* of the forum selection clause. See Atl. Marine, 134 S. Ct. at 581 (observing that lower court "erred in failing to make the adjustments required ... when the transfer motion is premised on a forum-selection clause); Martinez v. Bloomberg LP, 740 F.3d 211, 220 (2d Cir. 2014) ("[C]ourts must apply the law contractually chosen by the parties to interpret the [forum selection] clause.").

12

But see Schwan's Sales Enters., Inc. v. SIG Pack, Inc., 476 F.3d 594, 596-97 (8th Cir. 2007).  As already explained, the composite forum selection and choice-of-law clause in the Agreement is valid. As a result, in interpreting the forum selection clause the court applies Wyoming law - the law provided for by the clause.

"Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." Terra Int'l, 119 F.3d at 693 (citation and internal quotation marks omitted).  The court "interpret[s] contracts to effectuate the parties' intention, as expressed in the language of the agreement." Hunter v. Reece, 253 P.3d 497, 503 (Wyo. 2011) (citation and internal quotation marks omitted).  Contract language must be given its "plain and ordinary meaning."  Comet Energy Servs., LLC v. Powder River Oil & Gas Ventures, LLC, 185 P.3d 1259, 1261 (Wyo. 2008) (citations omitted).

Here, the Agreement provides that "*any* mediation or suit" between Plotkin and NOLS "shall occur or be filed only in the State of Wyoming" and contains no exception for wrongful death or negligence actions.  Barton Aff. Ex. G, at 4 (emphasis added). Such language indicates that the parties intended the contract, including its forum selection clause, to apply to actions such as the instant dispute.  Cf. Jackson State Bank v. Homar, 837 P.2d 1081, 1089 (Wyo. 1992) (enforcing broadly-worded clause compelling

13

arbitration for "any dispute arising from [the parties'] relationship as landlord and tenant"). Indeed, the Wyoming Supreme Court has stated that "artful pleading of noncontract claims to avoid a forum selection clause will not be tolerated." Durdahl v. Nat'l Safety Assocs., Inc., 988 P.2d 525, 529 (Wyo. 1999) (citation omitted). As a result, the forum selection clause is both enforceable and applicable to the instant dispute.

## V. Effect of Forum Selection Clause

Having determined the validity and scope of the Agreement and the forum selection clause, the court now considers the effect of such a clause on the instant dispute. "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Atl. Marine, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. Second, the court "should not consider arguments about the parties' private interests." Id. at 582. Thus, though Brenner makes numerous arguments related to her convenience and relative ability to pay for distant litigation, the court may not consider such factors. Instead, the court "may consider arguments about public-interest factors only ... [and] those factors will rarely defeat a transfer motion." Id. Relevant public interest factors include

14

"the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 581 n.6 (citation and internal quotation marks omitted).

Here, Brenner has not argued that transfer would produce any administrative hardship in Wyoming or that the instant case presents a controversy localized in Minnesota.  Nor does she argue against the benefit of having a trial governed by Wyoming law decided in a forum more familiar with its application.[3]  Thus, these factors are either neutral or favor transfer to Wyoming.  Third, there are no unusual or exceptional circumstances that warrant setting aside the clause. See id. at 575 (2013) (finding that, where there is a valid forum selection clause, "a district court should transfer the case unless extraordinary circumstances ... clearly disfavor a transfer").  Brenner thus cannot meet her burden of establishing that transfer to Wyoming is improper. Finally, the court notes that the forum selection clause does not specify that actions must be brought in federal court in the District of Wyoming, but rather that suits "shall occur or be filed only in the State in Wyoming." Barton Aff. Ex. G, at 4.  "The fact

---

[3] Because the court determines that transfer to the District of Wyoming is proper as a result of the forum selection clause, the transfer "will not carry with it the original venue's choice-of-law rules." Atl. Marine, 134 S. Ct. at 582 (citation omitted).

that the provision does not specify federal or state court does not make it invalid, but rather allows suit to be brought in either court." <u>Mooney-Kelly v. Islands Publ'g Co.</u>, No. 01-4448, 2002 WL 109533, at *3 (S.D.N.Y. Jan. 28, 2002) (citation omitted). Thus, the District of Wyoming is a "district or division where [the action] might have been brought." <u>See</u> 28 U.S.C. § 1404(a). As a result, transfer to the District of Wyoming is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to transfer venue [ECF No. 12] is granted and this action is transferred to the United States District Court for the District of Wyoming.

Dated:  May 19, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court

16